UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07909-ODW (PVCx) | Date | July 28, 2026 |
| Title | *Patrick Tilmann v. Space Exploration Technologies Corp. et al.* | | |

| | | |
|---|---|---|
| Present: The Honorable | Otis D. Wright II, United States District Judge | |
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** **In Chambers**

On February 3, 2026, Plaintiff Patrick Tilmann filed this action in state court against Defendant Space Exploration Technologies Corp. ("SpaceX") and later amended to add a claim against Defendant Katherine Hermiz. SpaceX removed the matter to this Court based on alleged diversity jurisdiction. (Notice of Removal ("NOR") ¶ 10, Dkt. No. 1.)

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

"The plaintiff is the master of the complaint, and generally has the right to choose whether to proceed in federal or state court." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 433, (2026) (citation modified). A plaintiff 's ability to amend the complaint to "bring the

suit either newly within or newly outside a federal court's jurisdiction" is consistent with that right. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36 (2025). Where a defendant invokes diversity of citizenship as the basis of the court's subject matter jurisdiction, as SpaceX has done here, the Supreme Court has consistently held 28 U.S.C. § 1332 requires complete diversity. *E.g. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The presence of a single defendant from the same state as a single plaintiff deprives federal courts of original diversity jurisdiction. *Id.*

District courts may disregard the citizenship of defendants who have been fraudulently joined for the purposes of assessing complete diversity. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A fraudulently joined defendant is one against whom the plaintiff "fails to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, "there is a general presumption against fraudulent joinder." *Id.* It is not enough to show that a plaintiff is unlikely to prevail on her claim; the defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 548 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Hamilton Materials*, 494 F.3d at 1206; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a [fraudulent] defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

After reviewing the operative complaint and documents filed in connection with removal, it appears that Defendant Hermiz is not diverse in citizenship from Plaintiff Tilmann and that the Court thus lacks subject matter jurisdiction. (*See* NOR ¶¶ 11, 17–22; Decl. Nicole Golob ISO Removal Ex. 1 ("Complaint") ¶ 2, Dkt. No. 1-1.)

SpaceX contends the Court should disregard Defendant Hermiz's citizenship under the fraudulent joinder doctrine. (NOR ¶ 18.) Among other things, SpaceX argues that Tilmann's cause of action for hostile work environment harassment in violation of the California Government Code section 12940 ("FEHA") fails because Tilmann's allegations against Hermiz reflect only personnel management actions, which do not qualify as actionable harassment. (*Id.* ¶¶ 22–25.) However, the California Supreme Court has expressly acknowledged that personnel management decisions can be evidence of harassment where they are used as the means to communicate a harassing message or create a hostile work environment. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009), *as modified* (Feb. 10, 2010) ("[I]n some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and

therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim.”). Thus, allegations “of biased personnel management actions” may support a claim of harassment so long as they are “relevant to prove the communication of a hostile message.” *Id.*

To the extent SpaceX argues Tilmann’s allegations are insufficient to state a claim for FEHA harassment, the standard to establish fraudulent joinder is more exacting than that under Federal Rule of Civil Procedure 12(b)(6). *See Grancare*, 889 F.3d at 549–50. SpaceX must show by clear and convincing evidence that there is no possibility Tilmann could recover against Hermiz based on the current pleading or an amended pleading. *See id.* On this record, the Court cannot conclude there is no possibility that Tilmann could recover against Hermiz.

Accordingly, the Court **ORDERS** SpaceX **TO SHOW CAUSE** in writing only, why this action should not be remanded for lack of subject matter jurisdiction. SpaceX shall respond to this OSC no later than **August 11, 2026**. No hearing will be held. Failure to timely or adequately respond to this OSC may result in the remand of this matter without further warning.

**IT IS SO ORDERED.**

___________ : 00

Initials of Preparer SE